**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

IRENE ZAMD,

Plaintiff,

v.

VERTEX PHARMACEUTICALS, INC.,

Defendant.

Civil Action No. 1:17-CV-11219-LTS

**DEFENDANT VERTEX PHARMACEUTICALS, INC.**
**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant Vertex Pharmaceuticals Incorporated ("Defendant" or "Vertex") respectfully requests that Plaintiff's Motion to Amend Complaint ("Motion to Amend") be denied as both futile and an untimely attempt to add a new basis of liability and edit facts after the commencement of discovery.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a former employee of Vertex, whose employment with Vertex ended on May 22, 2013. On January 23, 2014, Plaintiff filed a charge of discrimination on the basis of disability and retaliation with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"). *See* Exhibit A (Plaintiff Charge). Nowhere in Plaintiff's administrative charge, which was filed with the assistance of counsel, does she mention discrimination on the basis of being regarded as disabled. *See* Ex. A. The MCAD investigated Plaintiff's charge for more than two and a half years and, on August 3, 2016, the agency issued a Lack of Probable Cause Finding ("LOPC Finding"), dismissing Plaintiff's charge. *See* Exhibit B (MCAD LOPC Finding). Plaintiff appealed and on January 31, 2017, after a lengthy appeals process, including a hearing, the MCAD upheld the LOPC finding.

*See* Exhibit C (MCAD Post-Hearing Affirmation of LOPC Finding). On April 11, 2017, as Plaintiff notes, the EEOC adopted the MCAD's findings with respect to her claims based on federal law and issued a right to sue letter.

On June 30, 2017, more than four years after her termination from Vertex and after the dismissal of her claims by both the EEOC and the MCAD, Plaintiff filed the instant Complaint against Defendant, alleging (1) discrimination on the basis of disability and failure to accommodate under 42 U.S.C. § 12112 and (2) retaliation pursuant to 42 U.S.C. § 12112. *See* Dkt. No. 1 (Complaint). Specifically, Plaintiff claims that Vertex failed to accommodate her putative disability, discriminated against her because of the putative disability by altering her job duties and terminating her employment in May 2013, and retaliated against her for complaining of perceived discriminatory conduct. *See* Dkt. No. 1. On September 8, 2017, Vertex filed and served its Answer and Additional Defenses, in which it denied, among other things, that it discriminated against Plaintiff, failed to accommodate her putative disability, or retaliated against her in any manner. *See* Docket No. 10 (Answer).

On September 25, 2017, Plaintiff propounded Plaintiff's First Request for Production of Documents. On October 10, 2017, the parties attended the Initial Scheduling Conference. Then, on October 25, 2017, Vertex served upon Plaintiff its First Set of Interrogatories and First Set of Requests for Production of Documents. Not a week later, on November 2, 2017, Plaintiff filed its Motion to Amend Complaint, requesting leave to amend the Complaint to (1) add a third basis of liability, discrimination on the basis of being regarded as disabled and (2) clarify the allegations of the original complaint. *See* Dkt. No. 21 (Motion to Amend Complaint, ¶9). In support of this motion, Plaintiff does not proffer any newly discovered facts that would potentially justify adding this third claim or "clarify[ing] the allegations of the original

complaint." *See* Dkt. No. 21 (Motion to Amend Complaint, ¶9). Rather, Plaintiff simply cites to paragraph 20 in Defendant's Answer, in which Defendant denies that Plaintiff's alleged medical condition constituted a disability under 42 U.S.C. § 12112.

## ARGUMENT

### I. Plaintiff's Motion to Amend Should Be Denied as Futile Because Plaintiff Failed to Exhaust Administrative Remedies.

Dismissal of a motion to amend under Fed. R. Civ. P. 15(a) is appropriate ". . . where prejudice to the amending party's adversary is shown or where the proposed amendment would constitute no more than a futile exercise." *Roman-Martinez v. Runyon*, 100 F. 3d 213, 220 (1st Cir. 1996). With respect to the latter scenario, a motion to amend a complaint should be denied when the new portions of the amended complaint would be "subject to a successful motion to dismiss for failure to exhaust administrative remedies." *Id.* Such is the case here.

The Americans with Disabilities Act ("ADA"), under which Plaintiff brings this matter, requires that an employee file an administrative charge as a condition precedent to filing suit for employment discrimination. *See* 42 U.S.C. § 12115; 42 U.S.C. § 2000e–5. "The purpose of that requirement is to provide the employer with prompt notice of the claim and permit an opportunity for early conciliation" *Lattimore v. Polaroid Corp.*, 99 F. 3d 456, 464 (1st Cir. 1996)(internal citations omitted); *Patoski v. Jackson*, 477 F. Supp. 2d 361, 363 (D. Mass. Mar. 13, 2007)("It is axiomatic that before seeking relief from the courts under Title VII, a litigant must exhaust available administrative remedies in a timely fashion."). Further, ". . . there is a fundamental policy concern that the charge give adequate notice to government investigators and the employer of the nature of a plaintiff's claims. *Luciano v. Coca-Cola Enterprises, Inc.*, No. Civ. A 02-10895-RGS, 2004 WL 1922137 *2 (D. Mass, Aug. 30, 2004)(citing *Lattimore*, 99 F. 3d at 464-65). Dismissal of a motion to amend a complaint is appropriate when such an

amendment would introduce new theories of discrimination that plaintiff failed to raise at the administrative charge stage and were not within the reasonable scope of the agency's investigation. *See Lattimore, 99 F. 3d at 464-65* (dismissing plaintiff's racial harassment claim for failure to exhaust administrative remedies because the claim was not reasonably within the scope the race discrimination claim asserted in plaintiff's administrate charge); *Patoski*, 477 F. Supp. 2d at 364 (denying motion to amend complaint as futile because new race-based discrimination claim not asserted in EEOC charge); *see also Roman-Martinez*, 100 F. 3d at 220; *Luciano*, 2004 WL 1922137 *2.

A plain reading of Plaintiff's MCAD Charge and the MCAD's LOPC Finding reveals that Plaintiff never raised a claim of discrimination on the basis of being regarded as disabled in <u>any</u> of the underlying administrative agency proceedings, which unraveled over the course of three long years and provided numerous opportunities for her to do so. *See* Exs. A, B. And to be clear, this is not a case of a *pro se* litigant who inadvertently failed to raise a basis of liability, despite best efforts. To the contrary, Plaintiff was represented by counsel at each stage of the administrative agency proceedings, from the first filing of the charge to her failed appeal of the LOPC finding. The simple fact is that if Plaintiff wanted to assert the claim of discrimination on the basis of having been regarded as disabled, Plaintiff was required to satisfy the administrative prerequisite of raising the claim at the MCAD or the EEOC. Plaintiff's failure to do so is a bar to her attempt now to shoehorn this new claim into a federal lawsuit nearly four years after she commenced proceedings at the MCAD. Accordingly, Defendant requests that Plaintiff's Motion to Amend be denied as futile because Plaintiff failed to exhaust administrative remedies.

## II. <u>Plaintiff's Motion to Amend Should be Denied Because the Motion Is Untimely and Would Prejudice Defendant.</u>

A party may amend a pleading once as a matter of course, ". . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . " Fed R. Civ. P. 15(a)(1)(B). Outside the 21 day timeframe, a party may only amend a pleading with the written consent of an opposing party or the court's leave. Fed R. Civ. P. 15(a)(2). "[A] district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." *Nikitine v. Wilmington Trust, Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (internal citations and quotations omitted). While motions to amend are granted when justice so requires, the decision ultimately lies within the trial court's sound discretion. *Id*. at 389.

Here, Plaintiff seeks, without providing any justification, to add an entirely new basis of liability against Defendant and "clarify" facts outside the 21-day period of amendment permitted by Fed R. Civ. P. 15(a)(1)(B). Plaintiff does not cite to any newly discovered facts in support of the Motion to Amend. Indeed, Plaintiff's only stated reason for adding the third claim and "clarify[ing]" facts is that in paragraph 20 of Defendant's Answer, Defendant denies that Plaintiff had a putative disability. However, Plaintiff has had Defendant's Answer since September 8, 2017 and, per Fed R. Civ. P. 15(a)(1)(B), Plaintiff could have amended her Complaint as a matter of course any time in the ensuing 21-days after that date (in other words, on or before September 29, 2017). Instead, Plaintiff declined to exercise her right within this amendment period and only sought leave to amend on November 2, 2017, less than a week after Defendant propounded written discovery. *Id.* at 391 (internal citations and quotations omitted)(noting denial of motion to amend complaint appropriate when Plaintiff attempts to untimely insert new theories of liability based on the same facts plead in the original complaint).

Plaintiff provides no explanation for this delay in her Motion to Amend and given that discovery has commenced, granting this motion would unduly prejudice Defendant.

**CONCLUSION**

Accordingly, Defendant respectfully requests that Plaintiff's Motion to Amend the Complaint be denied.

**DATED: November 16, 2017**

Respectfully submitted,

By Its Attorneys,

*/s/ Bridget M. Maricich*

Lynn A. Kappelman (BBO# 642017)
lkappelman@seyfarth.com
Bridget M. Maricich (BBO# 670844)
bmaricich@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2017, a copy of the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Bridget M. Maricich*