UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

x
\- - - - - - - - - - - - - - - - - - - -
IRENE ZAMD,
Plaintiff,

v. Civil Action No. 1:17-cv-11219

VERTEX PHARMACEUTICALS, INC,
Defendant.
\- - - - - - - - - - - - - - - - - - - -x

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SCHEDULE A REQUESTS IN HER 30(b)(6) DEPOSITION NOTICE

Defendant, Vertex Pharmaceuticals, Inc. ("Vertex") hereby objects and responds to the Schedule A topics set forth in Plaintiff Irene Zamd's Fed. R. Civ. P. 30(b)(6) deposition notice directed to Vertex, as follows:

Schedule A

## I. Disciplinary Processes and Procedures

a. Vertex policies and practices in effect at any point since January 1, 2010 concerning employee performance reviews/evaluations, performance problems, performance improvement plans, and progressive discipline, and any instances when Vertex did not comply with such policies.

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any information or testimony regarding any period other than the term of Plaintiff's Vertex employment--specifically June 2010 to May 2013. Defendant further objects to this Schedule A request to the extent that**

**it seeks information about employees who were not in Plaintiff's work group at Vertex and invades the privacy interests of other employees not party to this litigation. Subject to and without waiving those objections, Defendant will produce a witness to testify about its policies and practices during the relevant time period, and the other employees in Plaintiff's group at Vertex during that period.**

b. Vertex policies and practices regarding terminating employees for performance-related issues, including all examples where Vertex terminated an employee without issuing formal written notice to the employee of performance deficiencies and the behavior that precipitated the termination at any point since January 1, 2010.

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any information or testimony regarding any period other than the term of Plaintiff's Vertex employment--specifically June 2010 to May 2013. Defendant further objects to this Schedule A request to the extent that it seeks information about employees who were not in Plaintiff's work group at Vertex, invades the privacy interests of other employees not party to this litigation, and seeks information wholly irrelevant to the claims and defenses in this litigation. Subject to and without waiving those objections, Defendant will produce a witness to testify about its policies and practices during the relevant time period, and the other employees in Plaintiff's group at Vertex during that period.**

c. The process and procedures Vertex undertook when disciplining any individuals under Deborah Waltz's supervision, including the identity and position of the individual(s) disciplined, the nature of the problematic action(s) that warranted discipline, the date(s) of the deficiencies, the date(s) of the discipline, the outcome of the discipline, and the employee(s) hire date and (if any) termination date.

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any information or testimony regarding any period other than the term of Plaintiff's Vertex employment--specifically June 2010 to May 2013. Defendant further objects to this Schedule A request to the extent that it seeks information about the discipline of employees who are not parties to**

**this action. Subject to and without waiving those objections, Defendant will produce a witness to testify about Vertex's policies and practices with respect to Ms. Waltz's staff during the relevant time period, and the other employees in Plaintiff's group at Vertex during that period.**

d. A description of all verbal and written discussions any Vertex employee had with Plaintiff regarding performance issues, including the individual(s) present for the discussion(s), the date(s) of discussion(s), the topic(s) covered in the discussion(s), the documentation relating to the discussion(s), and the location of the related documentation.

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any information or testimony regarding Plaintiff's conversations with Vertex employees who were not in a management position. Defendant further objects to the extent that it has produced documents memorializing such discussions and witnesses who can testify about those relevant discussions. Defendant further objects as the requested information is more readily accessible to Plaintiff who was a participant in these discussions. Subject to and without waiving those objections, Defendant will produce a witness to testify about any discussions the Company is aware of, including those memorialized in the documents it has produced and the witness testimony it has and will provide.**

## II. Requests For Reasonable Accommodation

a. Vertex's policies and practices (whether formal or informal) in place at any point since January 1, 2010 regarding reasonable accommodation requests, including the administrative process involved in evaluation and approving such requests.

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any information or testimony regarding any period other than the term of Plaintiff's Vertex employment--specifically June 2010 to May 2013. Subject to and without waiving those objections, Defendant will produce a witness to testify about its policies and practices concerning**

**reasonable accommodation in Plaintiff's group (?) during the relevant time period.**

b. All requests for disability-related reasonable accommodation Vertex received since January 1, 2010,[1] including the type of request, the nature of the disability, the resolution of the requests (denial/approval), the number of days it took to make an initial determination to approve/deny the request, the implementation date (if any), the identity of the human resources staff that were involved with the review and/or approval/denial of the request, and the cost Vertex incurred (if any) to implement the request.

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any information or testimony regarding any period other than the term of Plaintiff's Vertex employment--specifically June 2010 to May 2013. Defendant further objects to this Schedule A request to the extent that it seeks confidential medical information about employees who are not parties to this litigation.**

c. The analysis Vertex used when determining whether to approve Plaintiff's reasonable accommodation requests, including the information and documentation Vertex referenced (including educational or other resources), the identity of all individuals who participated in determining whether to grant Plaintiff's request, the dates that each such individual worked on Plaintiff's requests, and the reason why Vertex granted Plaintiff's request.

**RESPONSE: Defendant will produce a witness to identify of all individuals who participated in determining whether to grant Plaintiff's requests for accommodation, and their role in the Company or its third party insurer. Defendant's witness will also identify any documentation which provides the parties' reasoning for his/her decision to grant or deny any request.**

---

## III. Requests to Work From Home

a. All employee requests submitted to Vertex's Boston location to work from home (WFH) on a regular or consistent basis, regardless of the duration of such request, since January 1, 2010, including the name, position held, hire date, termination date (if any), WFH request date, WFH approval/denial date, WFH start date (if any), WFH end date (if any), and reason for the WFH request.

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any information or testimony regarding any period other than the term of Plaintiff's Vertex employment--specifically June 2010 to May 2013. Defendant further objects to this Schedule A request to the extent that it seeks information about employees who were not in Plaintiff's audit group during the relevant time period. Subject to and without waiving those objections, Defendant will produce a witness to testify about any employee in Plaintiff's audit group who submitted a request to work from home during the relevant time period and any documentation discussing the reasons that request was granted or denied.**

## IV. Data Collection, Review, and Production

a. All databases and documents Vertex's representative reviewed or referenced when preparing for the instant 30(b)(6) deposition, including each database/document name, title, location and type.

**RESPONSE: Defendant's witness will testify about the databases and documents he/she reviewed before the deposition.**

b. All methods and practices Vertex or its agents undertook to search for, identify, or locate documents responsive to Plaintiff's Requests for Information, including the databases and programs Vertex employees searched.

**RESPONSE: Defendant's witness will testify about the databases and documents he/she reviewed before the deposition.**

c. The names, hire date, termination date (if any), and titles of any individuals who directed, supervised or carried out the actions identified in paragraph IV(b).

**RESPONSE: Defendant objects to this Schedule A request as overly broad requiring disclosure of voluminous information which is not in proportion to the claims at issue in this case. Plaintiff's request is overly broad to the extent that it calls for any employment information or testimony regarding any person who is not a party to this case.**

April 4, 2018

Defendant
Vertex Pharmaceuticals, Inc.
by its attorneys,

Lynn A. Kappelman, Esq.
Cynthia Westervelt, Esq.
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028
617-946-4800

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following attorney of record by electronic and first class mail this 3rd day of April 2018.

Jonathan J. Margolis, BBO #
jmargolis@theemploymentlawyers.com
Beth K Myers, BBO # 676043
beth@theemploymentlawyers.com
Powers, Jodoin, Margolis & Mantell LLP
111 Devonshire Street, Suite 400
Boston, MA 02109
(617) 742-7010

Lynn Kappelman