**CONFIDENTIALITY AGREEMENT**

This agreement ("Agreement") is made and entered into as of this 18th day of October 2017, between the plaintiff, Irene Zamd (Ms. Zamd"), and the defendant Vertex Pharmaceuticals Incorporated ("Vertex"), all of whom may be referred to herein collectively as the "Parties."

WHEREAS, Ms. Zamd commenced *Zamd v. Vertex Pharmaceuticals, Inc.*, Civil Action No. 1:17-cv-11219 against Vertex seeking, inter alia, damages arising from alleged discrimination and retaliation in connection with her employment;

WHEREAS, Vertex denies any liability or other wrongful conduct; and

WHEREAS, the Parties are currently engaged in discovery and wish to limit the disclosure of certain confidential documents and information to the Parties and the attorneys of record in this action.

NOW, THEREFORE, in consideration of the mutual covenants and the consideration hereafter contained, the Parties hereby agree as follows:

1. Any party may designate as "Confidential" any document, material, or other information (written or oral) ("Confidential Information") which is produced to any other party in the course of this action, whether by discovery or otherwise. A party may designate as Confidential Information any document, material or other information (written or oral) that constitutes or reveals confidential business, financial, medical, training or personnel information or trade secrets. Information which is publicly available or which becomes publicly available (other than through a violation of this Order) shall not constitute Confidential Information.

2. Any party may designate as "Highly Confidential" any Confidential Information which the party in good faith believes is of such competitive or personal sensitivity as to require highly confidential treatment ("Highly Confidential Information"). Information which is

publicly available or which becomes publicly available (other than through a violation of this Order) shall not constitute Highly Confidential Information.

3. Confidential Information or Highly Confidential Information designated as such shall be used for the purposes of the parties' dispute and this action only and not for any other purpose.

4. Confidential Information shall be disclosed only to the following persons:

(a) The parties (including directors, officers and management employees of a corporate party) to the action.

(b) Counsel for the parties to this action, including associate counsel and clerical, secretarial, paralegal, and support staff.

(c) The Court and court personnel, including court reporters, provided that any pleading or other document filed with the Court which contains or discloses Confidential Information or Highly Confidential Information shall be so marked and shall be filed under seal.

(d) Witnesses or outside experts expected to testify at trial or formally retained or specifically employed in anticipation of litigation or preparation for trial, provided that each such person shall first be informed of the terms of this Order and shall first sign an affidavit attached hereto as Exhibit A, in which he or she represents that he or she has read this Order and agrees to be bound by its terms.

(e) Affidavits described in paragraph (d) above shall be maintained by counsel of record.

5. Highly Confidential Information shall be disclosed only to those persons described in paragraphs 4(b), 4(c), and 4(d) above, except that persons described in paragraph 4(d) shall not be required to sign a document in the form of Exhibit A, but instead shall comply with the requirements of this paragraph. Prior to the disclosure of Highly Confidential Information to any person described in paragraph 4(d) hereof, such person shall sign an affidavit in the form attached hereto as Exhibit B, and the attorney for the party designated shall serve such affidavit to the supplying party together with a notice identifying said person by name,

address, a brief curriculum vitae, and identification of the Highly Confidential Information intended for disclosure. The supplying party shall state any objection to the proposed disclosure in writing within ten (10) days of receipt of the notice. Unless the supplying party objects in accordance with the foregoing, the individual identified in the notice shall be considered a qualified recipient of Highly Confidential Information under the terms of this Agreement. Should the supplying party object in accordance with the foregoing, Highly Confidential Information shall not be disclosed to the designated individual unless the party receiving the Highly Confidential Information obtains an order of the Court permitting such disclosure, and the parties agree that the objecting party will have the burden of justifying objection to an independent expert willing to sign the appended written statement.

6. Confidential Information or Highly Confidential Information may be designated as such in the following manner:

(a) When producing Confidential Information or Highly Confidential Information, the producing party shall notify the opposing party in an email over cover letter included with the production letter that the production includes such Confidential Information or Highly Confidential Information by stating in bolded font and all capital letters: "**THIS PRODUCTION INCLUDES CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION**."

(b) The producing party shall mark documents containing Confidential Information or Highly Confidential Information with the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page containing Confidential Information or Highly Confidential Information. It is expressly agreed that marking the first page of a multi-page document with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" stamp raises a presumption that the entire document is to be treated as Confidential Information or Highly Confidential Information. Public or non-confidential materials contained within a multi-page document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page shall be dealt with under paragraph 7 below.

(c) All copies of Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information. Originals or other copies of documents or other materials may be made available for inspection without being marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" without waiving the right to so designate the documents or materials, provided that the documents and materials are subsequently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when copies are provided to the receiving party for use in this litigation.

(d) Pleadings and other materials filed with the Court which contain or disclose Confidential Information or Highly Confidential Information shall bear the notation "CONFIDENTIAL – UNDER SEAL," or "HIGHLY CONFIDENTIAL – UNDER SEAL" a similar notation on the first page of the document.

(e) Confidential Information or Highly Confidential Information disclosed at a deposition may either be designated on the record at the deposition by the disclosing party, or may be designated with particularity, in writing, by the disclosing party within 10 days of the date of the deposition. Upon opposing counsel's request, counsel will cooperate in allowing a longer or shorter period for such designation as the needs of the case require.

7. Any party may challenge the designation of any Confidential Information or Highly Confidential as such by serving written notice of such challenge on the party making the designation within fifteen (15) business days of the date on which the objecting party receives notice that the information is designated as "Confidential," or "Highly Confidential." The party seeking to remove the "Confidential," or "Highly Confidential" designation may then file an appropriate motion with the Court challenging the designation as "Confidential," or "Highly Confidential." If no such motion is filed, the challenged information shall be treated as "Confidential," or "Highly Confidential." Challenged Confidential Information or Highly Confidential Information that is made the subject of a proper motion shall be treated as Confidential Information or Highly Confidential Information until the motion is decided by the Court. A failure to challenge a designation of Confidential Information or Highly Confidential

Information does not constitute an agreement or concession that the information at issue is, in fact, confidential or in any way privileged or immune from disclosure.

8. Confidential Information or Highly Confidential Information may be used at a deposition as follows:

a. Whenever Confidential Information is to be used or displayed in a deposition, prior to making such disclosure, the party proposing to do so shall inform the witness on the record that the use of such Confidential Information is subject to the terms of this Agreement and that the witness is bound by the terms of this Agreement. If any person other than the witness and the witness' attorney is present at the deposition and does not come within the categories of persons defined in paragraphs 4(a)-(d) of this Order, that person shall not be permitted to be present while Confidential Information is used during the deposition.

b. Whenever Highly Confidential Information is to be used or displayed in a deposition, prior to making such disclosure, that party proposing to do so shall provide the supplying party with an opportunity to review the material on which the inquiring attorney intends to examine the witness prior to its disclosure to the witness, and, if the supplying party objects to such disclosure, a ruling shall be obtained from the Court prior to such disclosure, and the parties agree that the objecting party will have the burden of justifying the objection. The party seeking to use such information shall inform the witness of this Agreement prior to the use of Highly Confidential Information and shall obtain the witness' agreement under oath on the record to be bound by its terms. In the event the witness refuses to agree to maintain the confidentiality of the information as provided above, and if the parties cannot agree on the record as to a manner to resolve the problem created thereby, no disclosure shall be made to the witness unless the Court orders that such disclosure be made.

c. The deposition of a party or one of its present or former directors, partners, officers, agents, employees or independent experts retained by a party for purposes of this litigation, shall be taken insofar as it involves Confidential Information or Highly Confidential Information, with no persons present except: (i) in the case of Confidential Information, the court reporter, the video technician, the deponent, the deponent's attorney, any party representative to whom disclosure may be made pursuant to paragraph 4(a) of this Agreement, and the counsel of record for each party; and (ii) in the case of Highly Confidential Information, only the court reporter, counsel of record and any other person identified in paragraphs 4(b) and 4(d) hereof. All persons present at the taking of any such deposition shall be made aware of, and be subject to, this Agreement.

9. The inadvertent or unintentional disclosure by the supplying party of Confidential Information or Highly Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

10. At the conclusion of this action (including the conclusion of any appeal), all Confidential Information or Highly Confidential Information produced shall be returned to counsel for the producing party, provided that counsel for each party may maintain, under seal, one copy of the pleadings, correspondence and documents filed with the Court. The seal shall be lifted only upon Court order.

11. This Order governs negotiations, mediation, agency practice, discovery in a civil action and the pretrial stage of any litigation. In the event any Confidential Information or Highly Confidential Information is used in any proceeding herein, it shall not lose its

confidential status through such use, and the parties shall not file any Confidential Information or Highly Confidential Information except under seal and shall take all steps reasonably necessary and available to protect the confidentiality of such information during its use. The use at trial of any Confidential Information or Highly Confidential Information shall be subject to further order of the court, provided that any Confidential Information or Highly Confidential Information may be submitted under seal at any time.

12. In the event that any party (including any person to whom Confidential Information or Highly Confidential Information may be disclosed pursuant to paragraph 4 of this Order) is served with or receive subpoenas or written demands calling for production of or testimony containing or relating to any Confidential Information or Highly Confidential Information from any person (including, without limitation, any federal or state law enforcement or regulatory agency or authority), prior to responding thereto, the party to the action served with or receiving such subpoena or demand shall promptly serve notice of receipt of same on counsel for the other parties to the action who shall have fifteen (15) days following such service (or such shorter period of time as may be necessitated by the terms of the subpoena or demand) to seek a ruling respecting the necessity of compliance therewith. If such a motion is made within the allotted time period, the party served with or receiving subpoenas or written demands shall respond initially by objecting thereto, on the basis of the pending motion on the applicability of this Order.

13. The final determination or settlement of this action shall not relieve any party to the action (including, without limitation, any federal or state law enforcement or regulatory agency or authority) who has received Confidential Information or Highly Confidential Information from the obligations imposed by this Order.

Stipulated to:

THE PLAINTIFF,
Irene Zamd

Irene Zamd, Plaintiff

Jonathan J. Margolis, Esq.
Beth R. Myers, Esq.
Counsel for Plaintiff

THE DEFENDANT,
Vertex Pharmaceuticals Incorporated

by:____________________
Duly authorized

Lynn A. Kappelman, Esq.
Bridget M. Maricich, Esq.
Counsel for Defendant

EXHIBIT "A"
AGREEMENT CONCERNING CONFIDENTIALITY AGREEMENT

I, __________________ have read the Confidentiality Agreement ("Agreement") entered between the parties to a Civil Action pending in the U.S. District Court, *Zamd v. Vertex Pharmaceuticals, Inc., Civil Action No. 1:17-cv-11219,* and I understand the terms thereof, and agree to be bound by such terms. I will not disclose to any person other than those specifically authorized by the Agreement, and will not copy or use any information protected by the Agreement except as solely for the purpose of this litigation or otherwise expressly permitted by the parties to the litigation or the Court.

Dated: Agreed: ______________________

EXHIBIT "B"
AGREEMENT CONCERNING CONFIDENTIALITY AGREEMENT

I, ___________________ have read the Confidentiality Agreement ("Agreement") entered between the parties to a Civil Action pending in the U.S. District Court, *Zamd v. Vertex Pharmaceuticals, Inc., Civil Action No. 1:17-cv-11219*, and I understand the terms thereof, and agree to be bound by such terms. I represent that I am a qualified recipient of the specific Highly Confidential Information identified by the notice required in paragraph 5 of the Agreement. Should I be granted access to Highly Confidential Information pursuant to paragraph 5 of the Agreement, I will not disclose that information to any person other than those specifically authorized by the Agreement, and will not copy or use any information protected by the Agreement except as solely for the purpose of this litigation or otherwise expressly permitted by the parties to the litigation or the Court.

Dated: Agreed: ______________________