**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IRENE ZAMD,<br>Plaintiff,<br>v.<br>VERTEX PHARMACEUTICALS, INC.,<br>Defendant. | Civil Action No. 1:17-CV-11219-LTS |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Vertex Pharmaceuticals, Inc. ("Defendant" or "Vertex") hereby opposes Plaintiff Irene Zamd's ("Plaintiff" or "Zamd") motion to compel additional discovery responses, and states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a former Lead Quality Assurance Auditor/Specialist in Vertex's Quality Compliance Management ("QCM") Good Clinical Practice Division. She began working at Vertex's Boston location in June 2010, and reported to Senior Director of QCM, Deborah Waltz ("Waltz"), from September 2012 until Zamd's termination on May 22, 2013. Plaintiff claims that she had a disability (extreme scent sensitivity), and that Vertex failed to sufficiently accommodate her disability and retaliated against her for requesting an accommodation. The parties have exchanged interrogatories and document requests, and they have either taken or scheduled the following depositions:

1. Plaintiff Zamd (taken on January 9, 2018 and April 19, 2018);
2. Katherine Solt (taken on April 30, 2018);
3. Margo Holland (taken on June 5, 2018);

4. Robert Castellucci (scheduled for June 11, 2018);

5. 30(b)(6) depositions of Jane Martiny, and Amanda Tramantozzi (scheduled for June 11, 2018);

6. Deborah Waltz (by subpoena on a mutually agreeable date).

In her motion to compel, Plaintiff alleges that Defendant failed to properly respond to several of Plaintiff's interrogatories and document requests contained within Plaintiff's 30(b)(6) Deposition Notice, Schedule A. Specifically, Plaintiff seeks the Court's intervention to compel Defendant to: (1) provide a written summary of all instances in which Plaintiff was counseled for deficient performance, including verbal occasions; (2) produce information concerning alleged "comparators" who worked in any department and under any supervisor from June 2010 until present, and who requested and/or were permitted to work from home, for any reason; and (3) produce documents describing Vertex's efforts to identify information and documents responsive to Plaintiff's discovery requests.

As set forth more fully below, Defendant has produced 1036 pages of documents and information responsive to Plaintiff's requests, and has otherwise validly objected on grounds of relevance, scope, proportionality and overbreadth. Moreover, as set forth above, Defendant has agreed to defend the depositions of all of the supervisors and managers with personal knowledge of Plaintiff's employment who can provide complete responses, under oath, to Plaintiff's remaining questions. As such, the Court should deny Plaintiff's motion to compel because it seeks duplicative, and overly burdensome information which is not proportionate or relevant to the case, and because Defendant has fulfilled its discovery obligations.

## ARGUMENT

### A. Plaintiff is Not Entitled to Additional Information Regarding Instances of Plaintiff's Performance Management.

Plaintiff moves the Court to compel Defendant to produce additional information responsive to Plaintiff's Interrogatories Nos. 2-4, and Plaintiff's 30(b)(6) Deposition Notice, Schedule A Topic I(d), which seek the following information:

> **Interrogatory No. 2.** Identify each instance that defendant communicated the performance problems alleged in Defendant's answer the performance problems alleged in Defendant's Answer to Plaintiff's Complaint, Par. 50 ("unprofessional behavior, poor communications, and interpersonal problems") to the plaintiff, stating the date and time, place, and substance of the alleged communication, the names and titles of everyone present or involved, *and a full description of what was said or written by each party*.
>
> **Interrogatory No. 3.** *Identify any alleged performance deficiencies* of the plaintiff other than those stated in paragraph 50 of Defendant's Answer.
>
> **Interrogatory No. 4.** Identify all communications to the plaintiff concerning alleged performance deficiencies other than those set forth in the response to Interrogatory No. 2, above, stating the date and time, place, and substance of the asserted communication, the names and titles of everyone present or involved, *and a full description of what was said and/or written by each party*.
>
> **30(b)(6) Notice, Schedule A, subpart I(d).** *A description of all verbal and written discussions any Vertex employee had with Plaintiff regarding performance issues*, including the individual(s) present for the discussion(s), the date(s) of the discussion(s), the topic(s) covered in the discussion(s), the documentation relating to the discussion(s), and the location of the related documentation.

*See* ECF No. 34-1 (Defendant's Responses to Plaintiff's First Set of Interrogatories, at 3-6), attached as Exhibit ("Ex.") A (emphasis added); ECF No. 34-2 (Defendant's Objections to Plaintiff's Schedule A Request in Her 30(b)(6) Deposition Notice, at 3), attached as Ex. B (emphasis added).

Plaintiff therefore asks Defendant to prepare and provide Plaintiff with a written summary of Plaintiff's performance deficiencies and counseling history. However, Vertex has already provided **extensive** documentation and information responsive to these requests, along with deposition testimony, which is sufficient to fulfill its discovery obligations.[1] *See* Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining . . . a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed . . . ."); *Wamala v. City of Nashua*, No. 09-CV-304JD, 2010 WL 3746008, at *7 (D.N.H. Sept. 20, 2010) (once party has produced all responsive documents, "she has fulfilled her discovery obligation.").

Further, Defendant is not required to compile a summary of responsive information when Plaintiff is able to obtain the information through other means. *Rutledge v. Elliot Health Sys.*, No. 17-CV-110-JD, 2018 WL 1187406, at *5 (D.N.H. Mar. 7, 2018) (denying plaintiff's motion to compel summary of investigation where plaintiff did not explain why she was unable to obtain the information through other means). Vertex has agreed to produce all managers with knowledge of Plaintiff's performance and counseling history to provide sworn testimony based on their own recollections of the events. In fact, in addition to the depositions of Katherine Solt and Margo Holland, which have already been completed, the parties have scheduled the depositions of Robert Castellucci, Jane Martiny, and Amanda Tramantozzi. The parties have also agreed that Plaintiff will subpoena Waltz (Plaintiff's former direct supervisor) for a

---

[1] Pursuant to Fed. R. Civ. P. 33(d) and Local Rule 33.1(b), Defendant referred Plaintiff to documents bates numbered: VTX_ZAMD_000001-49, 60-169, 266-281, 289-291, 311-329, 331-345, 348-367, 381, 384, 387-389, 390, 392, 395-400, 403-406, 411-412, 414-418, 423, 425-441, 581-604, 631-673, 676-683, 687, 688-701, 704-723, 792-802, 844-846, 848-861, 869, 876-877, 881, 887, 890, 896, 898-952, 954-969, 975-976, 982-984, 994-1033, 1036-1257, 1263-1273, 1276-1288, 1291-1293, 1297, 1303-1327, 1421, 1424-1429, 1465-1468, 1495, 1505-1508, 1514, 1578-1597, 1599, 1630-1631, 1643, and 1650-1834. *See* Ex. A, at 3-8.

mutually agreeable date since Waltz no longer works for Vertex. Defendant fully anticipates that Plaintiff will question each of these deponents regarding their first-hand knowledge of Plaintiff's performance management history.

Certainly with this voluminous discovery and deposition schedule, Defendant is not hiding the ball here.[2] As in most employment case, not all instances of Plaintiff's performance counseling were documented, which is why the deposition format is the most suitable method for Plaintiff to obtain the requested information which does not appear in the documents. *See Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 437 (D.P.R. 2016) (quoting *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) ("Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored.")). The crux of Plaintiff's argument, in her own words, is as follows:

> Ultimately, Vertex could satisfy all three Interrogatories and 30(b)(6) topic I(d) were it to simply state in a written response that the documents it has produced ***reflect the only instances that Defendant communicated alleged performance problems*** (insofar as any of those documents could be read to do so). However, ***because Vertex has not done so, Plaintiff can only assume that there are other communications (perhaps verbal) that Vertex has not identified***, but intends to rely on at trial.

Ex. C, at 10 (emphasis added). However, this statement highlights Plaintiff's failure to consider a third possibility, and the reality of the situation, which is that Vertex managers regularly counseled Plaintiff based on her unprofessional behavior, but did not document each time it happened. Plaintiff is therefore misguided in asserting, simply because Defendant has not prepared a written summary of expected deposition testimony, that Defendant only

---

[2] This is not a case where Defendant has engaged in deceptive practices or poor record-keeping, as Plaintiff repeatedly states throughout her motion to compel. *See* ECF No. 34 (Plaintiff's Motion to Compel, at 10, 15), attached as Ex. C.

communicated performance management issues in written form. Because it did not, this testimony is well-suited for the deposition format. As a result, Plaintiff's motion to compel should be denied.

**B. Plaintiff is Not Entitled to Additional Discovery Regarding Alleged Comparators.**

Next, Plaintiff asks the Court to compel Defendant to provide additional responses to Interrogatories 12 and 13, as well as 30(b)(6) Deposition Notice, Schedule A Topic III(a), which request Defendant to provide information regarding other employees who requested or were permitted to work from home, for any reason, from June 2010 to present:

> **Interrogatory No. 12.** Identify each and every employee (other than Plaintiff and Margo Holland) in the defendant's Quality Compliance Management ("QCM") Good Clinical Practice division who was permitted to work remotely from his/her home from January 1, 2010 to the present. Your answer should include the name and title of the decision maker(s) who made the decision to permit the individual to work from home, the date(s) of the decision, the period during which each individual was permitted to work from home, how many days/weeks each month each individual was permitted to work from home, and how many days/weeks each month each individual actually worked from home.
>
> **Interrogatory No. 13.** For the individuals identified in response to Interrogatory No. 12, identify whether the decision to permit him/her to work remotely from home was the result of him/her having a disability, as that term is defined by 42 U.S.C.S. § 12102(1), and/or having made request for reasonable accommodation.
>
> **30(b)(6) Notice, Schedule A, subpart III(a).** All employee requests submitted to Vertex's Boston location to work from home (WFH) on a regular or consistent basis, regardless of the duration of such request, since January 1, 2010, including the name, position held, hire date, termination date (if any), WFH request date, WFH approval/denial date, WFH start date (if any), WFH end date (if any), and reason for the WFH request.

*See* Ex. A, at 20-21; Ex. B, at 5.

As Defendant has consistently maintained throughout this litigation, these requests are wildly overbroad, disproportionate, and beyond the scope of discovery. First, while Plaintiff's claims relate to the her time working under Waltz, and the bulk of her allegations suggest that

Waltz was the supervisor who displayed discriminatory and retaliatory animus, she now requests documents and information going back eight and a half years, regarding employees who worked under different supervisors, without any reasonable limitations. *See* Ex. C, at 11-12; ECF No. 24 (Plaintiff's First Amended Complaint, ¶¶ 19-50), attached as Ex. D. Plaintiff simply wants to have her cake and eat it too. She wants to cast Waltz as the bad actor in this story, but cast an unlimited net for discovery seeking information about managers, employees, and departments which had nothing to do with her own Vertex department and manager in QCM. The requested information, therefore, is disproportionate and would not lead to the discovery of relevant or meaningful comparators. *See Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 20 (1st Cir. 1999) (alleged comparators must closely resemble one another in respect to relevant facts and circumstances); *Rodriguez–Cuervos v. Wal–Mart Stores, Inc.*, 181 F.3d 15, 20-21 (1st Cir. 1999) (rejecting a comparator because he worked in a different capacity under a different supervisor with different expectations).

Ironically both Plaintiff and Defendant have long asserted that the relevant time period in this case is from September 2012 through May 22, 2013, when Plaintiff reported to Waltz, the decision-maker, and Plaintiff's direct supervisor. Ex. A, at 20-21; Ex. D, ¶ 19. This is a reasonable limitation considering Plaintiff's claims. *See Sellers v. U.S. Dep't of Def.*, 654 F. Supp. 2d 61, 98 (D.R.I. 2009) (citation omitted) (incidents involving second and third-level supervisors would not yield proper comparator pool). As such, Plaintiff's current broad and far-reaching requests are not reasonably proportional to the needs of the case. Perhaps more important though, whether other employees in QCM were ever permitted to work from home on any occasion, and for any reason, is entirely irrelevant to this case because, by Plaintiff's own

admission, Defendant ultimately granted Plaintiff's requested accommodation, *i.e.* to work from home three designated days a week. *See* Ex. D, ¶ 46.

**C. Plaintiff is Not Entitled to Additional Discovery Regarding Defendant's Efforts to Identify Information Responsive to Her Discovery Requests.**

Finally, based on Plaintiff's erroneous conclusion that Defendant has no basis for its discovery objections, Plaintiff moves the Court to compel disclosure of documentation regarding Vertex's "efforts to identify the information Ms. Zamd seeks." Ex. C, at 19. Such an order would unnecessarily infringe upon the attorney-client privilege, and would be a drastic and unwarranted remedy. *See In re Dep't of Justice Subpoenas to ABC*, 263 F.R.D. 66, 70 (D. Mass. 2009) ("Unless there has been a bad-faith failure to comply with a reasonable identification effort, automatically finding a waiver of the privilege would be unduly harsh.") (citation omitted). And in any event, as Defendant noted in its 30(b)(6) response, Defendant's 30(b)(6) witnesses will testify about the databases and documents they reviewed before the deposition, which is sufficient to fulfill its discovery obligations. *See, e.g., Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16-CV-0698 CAB (NLS), 2018 WL 692259, at *5 (S.D. Cal. Feb. 2, 2018) (allowing plaintiff to ask general background questions during deposition of corporate representative regarding the individual deponent's knowledge of the company's document retention policies and efforts to identify and collect documents related to the litigation).

For these reasons, Vertex respectfully requests that the Court deny Plaintiff's motion to compel and grant such other and further relief as the Court deems just and proper.

**Dated: June 6, 2018** **VERTEX PHARMACEUTICALS, INC.**

By Its Attorneys,

*/s/ Lynn A. Kappelman*

Lynn A. Kappelman (BBO # 642017)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Email: lkappelman@seyfarth.com

**CERTIFICATE OF SERVICE**

I, Lynn A. Kappelman, certify that on this 6th day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Plaintiff by electronically serving her counsel of record.

/s/*Lynn A. Kappelman*
Lynn A. Kappelman